UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE HERNANDEZ,

                    Plaintiff,                          Case No. 18CV5166

      -against-                                    AMENDED COMPLAINT

TEA BAR 80 INC. and HANOVER PROPERTIES LLC,

                    Defendants.

---

        Plaintiff, JOSE HERNANDEZ (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Amended Complaint (the "Complaint") and sues defendants TEA BAR 80 INC. (the "Tea Shop") and HANOVER PROPERTIES LLC (the "Landlord") (the Tea Shop and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## NATURE OF THE CLAIMS

        l.      Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

        2.      This action seeks, *inter alia*, to make the Defendants' property accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

        3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the

deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff has been and remains currently a resident of the State and City of New York.

6. The Plaintiff suffered a spinal cord injury in 1995, depriving him of the ability to walk. As a result, Plaintiff has been utilizing a wheelchair to ambulate for more than 20 years.

7. The Tea Shop owns and operates a retail establishment which serves what is known as "bubble tea", among other drinks and desserts, and is open to the general public, at the premises known and designated as 8062 Lefferts Boulevard, Kew Gardens, New York (the "Property").

8. The Landlord is the owner of the Property.

9. The Tea Shop occupies the Property pursuant to a written agreement with the Landlord.

## FACTS

10. Plaintiff works in the area where the Property is located and often patronizes accessible businesses in the neighborhood.

11. On August 7, 2018, while Plaintiff was on his lunch break, he stopped at the Tea Shop to get some "bubble tea".

12. However, Plaintiff was deterred from entering the Tea Shop as a result of a step at the entrance, as more fully detailed below and instead went to an accessible restaurant across the street.

13. It is humiliating and demeaning for the Plaintiff to be compelled to observe individuals who are able to ambulate enter the Defendants' public facility while he can only sit on the sidewalk and watch.

14. The failure of Defendants to remove the barriers complained of herein violates the ADA rights of the Plaintiff and other wheelchair users who want to enjoy the goods and services offered by the Tea Shop.

15. Plaintiff continues to look forward to sampling the Tea Shop's wares and will do so when the barrier to his entry, to wit, the step at the entrance, has been removed.

16. The services, features, elements and spaces of the Tea Shop are not readily accessible to, or usable by, Plaintiff and the Defendants' failure to make their place of public accommodation accessible denies Plaintiff the opportunity to participate in, or benefit from, services or accommodations on the basis of disability.

18. Defendants newly constructed and/or altered the Property, which was previously home to an establishment known as the "Comic Den", to accommodate the Tea Shop, after the effective date of the ADA.

19. Records of the New York City Department of Buildings reveal that substantial alterations have taken place at the Property since 2015, the exact nature and scope being presently unknown.

20. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if

3

the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Moreover, an alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration (28 C.F.R. § 36.403).

22. The 1991 ADA Standards for Accessible Design apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with the 2010 Standards was required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1992 or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

23. As a result of the alterations commencing in 2015, including changes to the storefront and entrance configuration, Defendants must comply with the 2010 ADA Standards for Accessible Design (hereafter, the " Standards").

24. An inspection of the Tea Shop revealed the following (numerical notations in parentheses identify Standards violated):

The door to the Tea Shop is approximately 36 inches wide. The Tea Shop is located on a sloped sidewalk and there is an uneven rise below the door which is roughly 8 inches high at its highest point (see Exhibit A, annexed). The sidewalk slopes along the entire storefront.

**The following barriers and violations are noted at the entrance**:

a) There is a rise about 8 inches high at the only entrance, leaving Plaintiff with no way to

4

enter the premises, as no action to remove the rise over ½ inch has been undertaken (303.4, 404).

b) The step at the door creates a rise within the maneuvering clearance at the entrance that the Plaintiff is unable to navigate in his wheelchair (206.2.1, 206.4, 402.2, 404).

c) Rises over ½ inch within the accessible route are prohibited, as they prevent persons in a wheelchair from entering. The Property provides no accessible route for Plaintiff to gain entry (206.4, 402.1, 402.2, 403.4, 404 and 405.1).

d) When the Tea Shop was created, no action was taken by either defendant, to ensure that the barriers were removed to allow at least one accessible entrance to each tenancy (206.4.5, 4.4).

Inside, the sales counter is about 36 inches high and a person in a wheelchair may easily approach it and turn to leave without obstructing other patrons. The seating in the Tea Shop is located along the front window and along the wall across from the sales counter. The seating along the wall is built in booth type seating, with a free standing table and chair on the outer side. The window seating is at bar height. None of the seating provided is wheelchair accessible.

**The following barriers and violations are noted inside**:

e) Due to the rise/step at the entrance there is no accessible route to the inside dining area, so Plaintiff would be left to sit outside and ask someone else to go inside to make his purchases (206.2.5, 305, 902.1).

f) There is no accessible seating in the dining area as no table is deep enough for the Plaintiff to pull up in his chair (30" wide), beneath a table (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

25. The foregoing barriers to access at the Defendants' place of public accommodation were discussed with Plaintiff prior to the filing of the Complaint and continue to exist.

26. Plaintiff will return to the Tea Shop once the barriers to his enjoyment of the goods and services offered have been remediated.

**FIRST CAUSE OF ACTION**
(Violations of the Americans with Disabilities Act)

27. The ADA imposes joint and several liability on each of the property owner, operator and lessee of a place of public accommodation. 28 C.F.R. 36.201(b).

28. Under the ADA, each of the property owner, lessee and operator are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

29. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation, all because he is disabled.

30. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

31. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(l)(A) and 28 C.F.R. § 36.203.

32. Upon making alterations to the place of public accommodation at the Property, Defendants failed to make it accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

33. Upon making alterations to the primary function areas, the Defendants, or either of them, failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

34. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.

35. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability, in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

36. Defendants' discriminatory conduct includes, but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Tea Shop to individuals with disabilities;

    d. Failing to design and/or construct Tea Shop so that it is readily accessible to and usable by individuals with disabilities;

    e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Tea Shop are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    f. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

    g. Failing to comply with path of travel obligations (28 CFR 36.403), by failing to provide an accessible route, to the maximum extent feasible, from the sidewalk to the entrance, although the cost of doing so is not disproportionate.

37. Defendants could have removed some of the illegal barriers at Tea Shop by ramping,

with railings and a landing, the step at the entrance and providing ADA compliant accessible seating.

38. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

39. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

## SECOND CAUSE OF ACTION
(Violation of New York State Executive Law)

40. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

41. Defendants' have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because he is disabled.

42. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable and not desired as patrons of their place of public accommodation.

43. Defendants discriminated against Plaintiff in violation of Executive Law § 296(2) by maintaining and/or creating an inaccessible place of public accommodation.

44. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

45. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

46. It would be readily achievable to make Defendants' place of public accommodation accessible.

47. It would not impose an undue hardship or undue burden on Defendants to make their

place of public accommodation accessible.

48. As a direct and proximate result of Defendants' unlawful discrimination in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

49. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

### THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

50. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

51. The Defendants have subjected, and continue to subject, P1aintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

52. The Defendants have discriminated against Plaintiff in violation of Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

53. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

9

Restoration Act § 7 amending Administrative Code §8-130.

54. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

55. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

56. The Defendants' refusal to make their place of public accommodation fully accessible was undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

57. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

58. By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The Defendants' unlawful profits plus interest must be disgorged.

59. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**INJUNCTIVE RELIEF**

60. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation to make it accessible to Plaintiff.

## DECLARATORY RELIEF

61. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

62. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

  E. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

  F. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

  G. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: January 9, 2019

*Donald J. Weiss*
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

EXHIBIT A

