UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE HERNANDEZ,

                Plaintiff,

-against-

TEA BAR 80 INC. and HANOVER PROPERTIES LLC,

                Defendants.

Case No. 18CV5166

STIPULATION OF SETTLEMENT

---

**WHEREAS,** Plaintiff JOSE HERNANDEZ ("Plaintiff") filed a complaint in the above-captioned action against defendants TEA BAR 80 INC. (hereinafter, the "Tea Store"), and HANOVER PROPERTIES LLC (the "Landlord"; the Tea Store and the Landlord being hereinafter collectively designated as "Defendants", the Plaintiff and the Defendants as the "Parties" and each a "Party"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the premises known as 80-62 Lefferts Boulevard, Kew Gardens, New York; and

**WHEREAS,** the Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the Defendants wish to resolve the Action, without an admission of liability, on the terms and conditions set forth in this Stipulation of Settlement (the "Stipulation"); it is

Settlement Agreement Execution 4/12/19



therefore

**STIPULATED, CONSENTED AND AGREED,** that the Action shall be settled as follows:

1. Remedial Measures.

a. Defendants shall install a permanent ramp, together with a landing and railings (collectively, the "Ramp") at the entrance to the Tea Store which would allow Plaintiff and other wheelchair bound patrons to enter the Tea Store. The Ramp shall be compliant with the accessibility requirements set forth in Section 405 of the 2010 ADA Standards for Accessible Design (the "2010 Standards").

Defendants shall seek such permits as are necessary to install the Ramp. In the event any governmental agency requires any revisions to submitted plans for the Ramp which do not prohibit the installation of a permanent ramp of any nature, the proposed Ramp may be modified to any lesser extent and such required revisions shall not relieve the Defendants of their obligations herein

The installation of the Ramp shall be completed within six months (the "End Date") of the date the Stipulation is filed with the Eastern District Court (the "Start Date"). The End Date shall be subject to events beyond the control of the Defendants, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of the any government inspectors to make inspections, contractor defaults, work stoppages or slow-downs due to labor-related disputes or weather conditions which prevent work from going forward, acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms

2

Settlement Agreement Execution 4/12/19



of the Stipulation, Defendants may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld. Any failure to notify Plaintiff's counsel of delays and documentation of diligent efforts prior to the End Date will be deemed a failure to comply with the Stipulation and shall constitute a breach thereof. Within 30 days of the installation of the Ramp, the attorneys for the Tea Store shall notify Plaintiff's counsel and shall furnish photograph(s) of the completed Ramp.

The obligation to install the Ramp shall remain for as long as the Tea Store is in business.

2. Monetary Consideration.

The Defendants will cause to be paid to Plaintiff, to the order of and through his attorney, Donald J. Weiss, the sum of Six Thousand Dollars ($6,000.00) (hereinafter, the "Settlement Payment"). The Settlement Payment includes any and all monetary claims against Defendants for damages, legal fees, expert fees, costs, and any and all actual or potential fees, costs, and expenses incurred in connection with the Action. The Settlement Payment shall be paid and delivered to Plaintiff's attorney on or before May 15th, 2019. Upon receipt and collection of the Settlement Payment, Plaintiff's counsel shall fill a Stipulation of Voluntary Dismissal in the form annexed hereto. Notwithstanding the joint payment obligation of Defendants, the Tea Store and the Landlord agree as between them that they shall equally share the payment obligation.

3. Release.

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of himself, his heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges

3

Settlement Agreement Execution 4/12/19



Defendants, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys, trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the Action.

4. <u>No Admission of Liability</u>.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault, wrongdoing or liability on the part of Defendants. Defendants acknowledge, without conceding, any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle this dispute and to avoid the further expense and inconvenience of litigation. Plaintiff acknowledges that nothing herein is to be construed as an admission of liability or culpability by either of the Defendants, and acknowledges further that the remedial steps to be taken herein constitute a satisfactory resolution of the access claims alleged herein.

5. <u>Fees and Expenses</u>.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection with or related to the Action not otherwise encompassed by the terms of this Stipulation provided, however, that in the event of breach of this Stipulation, the non-breaching party shall



4

Settlement Agreement Execution 4/12/19



be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by reason of any efforts to enforce this Stipulation.

6. <u>Authority</u>.

Each signatory hereto represents and warrants that he/she has full authority to enter into this Stipulation on behalf of that Party. All references to the Defendants herein shall be deemed to include their successors and assigns.

7. <u>Governing Law and Jurisdiction</u>.

The Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce the Stipulation shall lie in the United States District Court for the Eastern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York. The United States District Court for the Eastern District of New York shall retain jurisdiction over the Parties with respect to the terms of this Stipulation and the enforcement thereof.

9. <u>Interpretation</u>.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

10. <u>Modification of Stipulation</u>.

This Stipulation may be amended, revoked, changed, or modified only upon a written

Settlement Agreement Execution 4/12/19



agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

11. <u>Entire Agreement</u>.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

12. <u>Signatures in Counterparts</u>.

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. <u>Headings</u>.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

(SIGNATURES ON FOLLOWING PAGE)

6

Settlement Agreement Execution 4/12/19



APR 12 2019 3:40PM                                                                  No. 2807   P. 7

Dated: New York, New York
APRIL 15          , 2019

_____
JOSE HERNANDEZ

TEA BAR 80 INC.                         HANOVER PROPERTIES LLC

By: _____            By: _____
Name: Ling Lin                          Name: Jeffrey Stern
Title: President                        Title: Manager

So Ordered:

_____
USDCJ

Settlement Agreement Execution 4/12/19

7

APR 12 2019 3:40PM                                          No. 2807   P. 7

Dated: New York, New York
APRIL 15, 2019

_____
JOSE HERNANDEZ

TEA BAR 80 INC.                         HANOVER PROPERTIES LLC

By: _____                     By: _____
Name: Ling Lin                          Name: Jeffrey Stern
Title: President                        Title: Manager

So Ordered:

_____
USDCJ

Settlement Agreement Execution 4/12/19

7